**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

| | |
|---|---|
| ANTHONY J. ZANGHI, KENNETH J. SOWERS, DOMINIC MCCUCH, JAMES HOHMAN, DARRELL SHETLER *on behalf of themselves and others similarly situated, and* UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, | **No.: 3:13-CV-00146** **Hon. Kim R. Gibson** *Electronically filed* |
| Plaintiffs, | |
| v. | |
| FREIGHTCAR AMERICA, INC., JOHNSTOWN AMERICA CORPORATION, and JOHNSTOWN AMERICA CORPORATION USWA HEALTH & WELFARE PLAN, | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION
SEEKING TRANSFER TO PITTSBURGH DIVISION**

On January 14, 2014, this Court entered its Memorandum and Order of Court denying

FreightCar America, Inc.'s[1] ("FreightCar") Motion to Dismiss, Transfer, or Stay Proceedings.

(ECF No. 73.)  While FreightCar has elected not to take issue with this Court's refusal to dismiss

the plaintiffs' case or transfer it to the Northern District of Illinois, FreightCar believes, for the

reasons set forth below, that this Court should enforce the parties' prior agreement that in the

---

[1] "FreightCar" as referred to herein included FreightCar America, Inc., Johnstown America Corporation USWA Health & Welfare Plan, and Johnstown America, LLC (a subsidiary of FreightCar America, Inc. and formerly known as Johnstown America Corporation.)

event settlement payments stopped, the Union and the class could re-file in the same court in which *Deemer* and *Britt* were pending at the time of settlement.[2]

I.    <u>Legal Standard</u>

The Third Circuit has instructed that the district courts possess inherent power over their interlocutory orders, and they are free to reconsider them when it is "consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). As this Court has found, under Federal Rule of Civil Procedure 54(b), an interlocutory order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." *Deeters v. Phelan Hallinan & Schmieg, LLP*, Civ. No. 3:11-252, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013) (*citing* Fed. R. Civ. P. 54(b)). Under this rule, a district court "has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *In re Anthanassious*, 418 Fed. Appx. 91, 95 (3d Cir. 2011).[3]

II.   <u>Argument</u>

A.    **The Parties' Settlement Agreement Requires the Plaintiffs to Re-file Suit in the Pittsburgh Division**

In denying FreightCar's motion, this Court gave substantial weight to the forum-selection clause in the parties' 2005 agreement to settle *Deemer* and *Britt*. That clause provided that if FreightCar stopped making benefits contributions under the settlement, "Plaintiffs ha[d] the right *to re-file with the Court* the *Britt* and *Deemer* litigations against all Defendants." (ECF No. 1-3 ¶ 16(f)) (emphasis added). This Court reasoned that "'only under extraordinary circumstances'

---

[2] "*Deemer*" and "*Britt*" refer to *Deemer v. Johnstown America Corp.*, No. 02-CV-806 (W.D. Pa.) and *Britt v. Johnstown America Corp.*, No. 03-CV-1298 (W.D. Pa.). "Union" refers to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC.

[3] FreightCar acknowledges that this Court has noted that certain grounds for reconsideration are inappropriate. *Deeters*, 2013 WL 6524625, at *2. In light of the significant emphasis this Court has placed on the parties' forum-selection clause, FreightCar believes it is necessary to more fully address the parties' intentions with respect to that clause, as well as the extent of Magistrate Judge Mitchell's involvement and familiarity with the parties' dispute.

should a district court not enforce a valid forum selection clause." (ECF No. 73 at 15 (citing *Atl.
Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, --- S. Ct. ---, No. 12-292, 2013
WL 6231157, at *11 (U.S. Dec. 3, 2013)).  Finding that the forum-selection clause controlled
(ECF No. 73 at 11), this Court held that the clause allowed for an exception to the first-filed rule
(*id.* at 11-12), and that it also constituted a waiver of the parties' ability to challenge the
preselected forum as inconvenient.  (*Id.* at 15.)

FreightCar maintains that by all reasonable interpretations, however, the parties
negotiated for re-filing *in the same court* in which they were settling the litigation.  That court is
the Pittsburgh Division.  FreightCar did not agree, and would not have agreed, to resurrection of
the *Britt* and *Deemer* litigation in the entirely new venue of Johnstown.

The express terms in the settlement agreement, specifically "re-file" and "the Court,"
make it apparent that the parties' mutual intention was to provide that the plaintiffs could
reinstitute their claims in the Pittsburgh Division in the event FreightCar stopped payments.
Other terms in the agreement also support that interpretation.  For instance, settlement provisions
ensured that if plaintiffs re-filed, the parties were free "to make full use of depositions,
documents and other materials *thus far produced* during discovery."  (ECF No. 1-3 ¶ 16(f))
(emphasis added).

Further proof of the parties' agreement is the manner in which the parties refer to "the
Court" throughout the agreement.  For instance, as part of the settlement, the parties agreed "to
file a joint motion requesting that the Court approve the Agreement."  (ECF No. 1-3 ¶ 4.)
Logically, the parties could only have been referring to the Pittsburgh Division.  Similarly, when
the parties described the procedural history of the case in their motion for approval of the

settlement agreement, their references to "the Court" logically can be interpreted only as a reference to the Pittsburgh Division. (*Id.* ¶¶ 2-3.)[4]

The inception of the prior litigation in Pittsburgh rather than Johnstown provides further support for the fact that in referring to the "Court," the parties agreed that the plaintiffs could re-file in the Pittsburgh Division of this district.  In particular, notwithstanding that the *Deemer* and *Britt* lawsuits likewise stemmed from events at FreightCar's Johnstown Plant, and the same class members here who reside in Johnstown resided there at the time *Deemer* and *Britt* were filed, the Union and the class nevertheless filed their initial lawsuits in Pittsburgh.  Having so done, the Union and the class cannot now credibly challenge Pittsburgh as the appropriate forum for this litigation. *See Atl. Marine Const. Co., Inc.*, 2013 WL 6231157, at *11 (requiring that district courts strictly enforce forum-selection clauses).[5]  This Court should enforce the terms agreed to by the parties and transfer this case to Pittsburgh.[6]

### B.   Magistrate Judge Mitchell in the Pittsburgh Division, who Remains on the Bench, had Primary Responsibility for *Deemer* and *Britt*

The Western District of Pennsylvania's courts have recognized that in the interests of judicial economy, it is proper to transfer a case to a district court where the judge is familiar with

---

[4] While "the Court" was defined elsewhere in the agreement to generally mean "the United States District Court for the Western District of Pennsylvania," (ECF No. 1-3 ¶ 5(c)), a reading of the settlement agreement as a whole shows that the parties' intent was to re-file in Pittsburgh. *Haywood v. Univ. of Pittsburgh*, --- F. Supp. 2d ---, 2013 WL 5466958, at *30 (W.D. Pa. Sept. 30, 2013) ("[T]he intention of parties to a written instrument is to be garnered from a reading of the entire writing and not from detached portions, it being necessary to consider every part thereof in order to resolve the meaning of a particular part as well as that of the whole." (citing *Mowry v. McWherter*, 365 Pa. 232 (1950)).

[5] The plaintiffs' original choice of Pittsburgh as the venue for their claims was undoubtedly due to the fact that the Union resides there, as well as the plaintiffs' recognition that no class member would need to appear in court.

[6] While Local Rule 3 provides that cases with a defendant or plaintiff residing in Cambia County be docketed in the Johnstown Division, this docketing procedure does not limit this Court's ability to transfer the case to a judge in another division more familiar with the parties, claims and evidence.  *Takeda*, 2012 U.S. Dist. LEXIS 36974, at *6. (granting motion to transfer to a judge who had handled prior related case and was familiar with litigation). Furthermore, this local rule does not limit the parties' ability to privately agree in settlement to reinstitute litigation in a particular division of a district.  *See e.g.*, *WCGS & Co. v. PNC Financial Service Group, Inc.*, Civ. No. 2:13-cv-02510, 2013 WL 6859841 (D.N.J. Dec. 30, 2013) (enforcing a forum selection clause that required the parties to litigate in the Pittsburgh Division of the Western District of Pennsylvania).

the parties, claims, and evidence. *Takeda Pharm Co. v. Mylan, Inc.,* 2012 U.S. Dist. LEXIS 36974, at *6 (W. D. Pa. Mar. 19, 2012) (granting motion to transfer to "avoid duplication, and in the interest of judicial efficiency and judicial economy" to a judge who was familiar with case because of handling a related prior litigation). Driving this Court's conclusion to deny transfer to Pittsburgh was its recognition that Judge Cindrich is no longer on the bench and that Judge Cercone's substantive role in the litigation was limited. Nevertheless, the dockets in both *Deemer* and *Britt* show that Magistrate Judge Mitchell played a significant role from *Deemer*'s inception to settlement, and was in charge of the cases at the time of settlement. His familiarity with the parties' dispute alone warrants transfer of this case to Pittsburgh. (*See*, *in particular*, *Deemer* Dkt. No. 131 (assigning *Deemer* to Magistrate Mitchell) and Dkt. No. 133 (approving settlement agreement); *see also Britt* Dkt. No. 48 (approving settlement agreement).)

*Deemer* and *Britt* were exhaustively analyzed by Magistrate Mitchell, who is still on the bench. In fact, both *Deemer* and *Britt* were before Magistrate Mitchell for over two and a half years. (*Deemer* Dkt. No. 144; *Britt* Dkt. No. 52.) During that time, he entered over forty orders, including a number of substantive Reports and Recommendations. In addressing the plaintiffs' motions for class certification in both lawsuits, Magistrate Mitchell was required to consider the make-up of the classes and the nature of their claims. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (2011) ("[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."). Magistrate Mitchell also issued a Report and Recommendation addressing the parties' respective summary judgment motions. (*Deemer* Dkt. No. 48.) In ruling on these motions, Federal Rule of Civil Procedure 56 required him to examine "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" in order to determine if there was a genuine issue of material

fact.  Fed. R. Civ. P. 56.  Finally, Magistrate Mitchell approved the parties' settlement, which required him to "independently and objectively analyze the evidence and circumstances" to determine if the parties' agreement was fair, reasonable, and adequate, as required by Federal Rule of Civil Procedure 23.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001).

This case involves the same claims, parties, and by the parties' own agreement, evidence as developed in *Deemer* and *Britt*.  Requiring this lawsuit to be litigated in the new forum of Johnstown is contrary to the litigants' agreement, and disregards the judicial economy preserved by returning these identical claims and parties to Pittsburgh, which the plaintiffs themselves previously concluded is the appropriate venue for their claims to be heard.

## III.   <u>Conclusion</u>

For the reasons set forth above, defendant FreightCar America, Inc. respectfully requests that this Court reconsider transfer of this case to the Pittsburgh Division of the Western District of Pennsylvania, in line with the parties' prior agreement.

Dated: January 21, 2014                 Respectfully Submitted,

*/s/ Sam P. Myler*

Nancy G. Ross (*pro hac vice*)
Sam P. Myler (*pro hac vice*)
Kirk Watkins (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
T: (312) 372-2000
F: (312) 984-7700

James Clark Munro II
Michael J. Parrish, Jr.
Ronald P. Carnevali, Jr.
SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC
AmeriServ Financial Building, P.O. Box 280
Johnstown, Pennsylvania 15907
T: (814) 536-0735
F: (814) 539-1423

**ATTORNEYS FOR DEFENDANTS FREIGHTCAR
AMERICA, INC., JOHNSTOWN AMERICA, LLC,
AND JOHNSTOWN AMERICA CORPORATION
USWA HEALTH & WELFARE PLAN**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 21st day of January, 2014. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Sam P. Myler*

Sam P. Myler