**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

| | |
|---|---|
| ANTHONY J. ZANGHI, KENNETH J. SOWERS, DOMINIC MCCUCH, JAMES HOHMAN, DARRELL SHETLER *on behalf of themselves and others similarly situated, and* UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, | **No.: 3:13-CV-00146** **Hon. Kim R. Gibson** *Electronically filed* |
| Plaintiffs, | |
| v. | |
| FREIGHTCAR AMERICA, INC., JOHNSTOWN AMERICA CORPORATION, and JOHNSTOWN AMERICA CORPORATION USWA HEALTH & WELFARE PLAN, | |
| Defendants. | |

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFFS' COMPLAINT**

FreightCar America, Inc.[1] ("FreightCar"), answers the plaintiffs' allegations in the

Complaint as follows:

**INTRODUCTION**

1.    FreightCar admits that plaintiffs purport to bring this action on behalf of themselves and

all other persons in the putative class described in the Complaint. FreightCar denies the

named plaintiffs are adequate representatives of the putative class. FreightCar denies that

---

[1] "FreightCar" as referred to herein includes FreightCar America, Inc., Johnstown America Corporation USWA Health & Welfare Plan, and Johnstown America, LLC (a subsidiary of FreightCar America, Inc. and formerly known as Johnstown America Corporation.)

the USW is a proper plaintiff in this litigation. FreightCar denies plaintiffs meet the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

2.      FreightCar admits that plaintiffs purport to bring this action under Federal Rule of Civil Procedure 23 on behalf of themselves and other similarly situated retirees as well as the spouses and surviving spouses of retirees. FreightCar denies plaintiffs meet the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

3.      FreightCar admits that the USW represented a collective bargaining unit at the Johnstown facility. FreightCar admits that Johnstown America Industries, Inc. purchased the facility from Bethlehem in 1991. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the Complaint and therefore denies each such allegation.

4.      FreightCar admits the allegations in Paragraph 4 of the Complaint.

5.      FreightCar admits that the named plaintiffs worked at the Johnstown facility for a period of time. FreightCar admits that plaintiffs purport to represent other similarly situated retirees as well the retirees' spouses and surviving spouses. FreightCar denies the named plaintiffs are adequate representatives of the putative class. FreightCar lacks knowledge or information sufficient to form a belief as to the specific characteristics of the class plaintiffs seek to represent and  denies that plaintiffs meet the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

6.      FreightCar denies every allegation in Paragraph 6 of the Complaint.

7.      FreightCar admits that in 2002, after attempting to bargain with the USW, it announced termination of retiree medical benefits. FreightCar denies every remaining allegation in Paragraph 7 of the Complaint.

8.      FreightCar admits that certain individuals who retired from the Johnstown facility and the USW previously filed three lawsuits: *United Steelworkers of America, AFL-CIO-CLC, Geraldine Deemer, and Darrell Shetler v. Johnstown America Corporation, et al.*, No. 02-CV-806 (W.D. Pa.) (*Deemer*); *United Steelworkers of America, AFL-CIO-CLC, Reggie Britt, et al. v. Johnstown America Corporation, et al.*, No. 03-CV-1298 (W.D. Pa.) (*Britt*); or *Sowers v. FreightCar America. Inc. et al.*, No. 07-CV-201 (W.D. Pa.) (*Sowers*). FreightCar admits that in two of those previous suits, *Deemer* and *Britt*, the plaintiffs and the USW alleged that FreightCar could not terminate retiree health benefits without the USW's consent. FreightCar denies every remaining allegation in Paragraph 8 of the Complaint.

9.      FreightCar admits that *Sowers* was filed in 2007. FreightCar admits that Mr. Zanghi and Mr. Sowers were named plaintiffs in the *Sowers* lawsuit.  FreightCar admits that the *Sowers* litigation was settled and  that settlement agreement is attached as Exhibit 1. FreightCar denies that Mr. Zanghi or Mr. Sowers are adequate class representatives in this current lawsuit.  FreightCar denies every remaining allegation in Paragraph 9 of the Complaint.

10.     FreightCar admits that the *Deemer* litigation was filed in 2002. FreightCar admits that the *Britt* litigation was filed in 2003. FreightCar admits that the plaintiffs in *Deemer* and *Britt*

alleged that FreightCar could not terminate retiree health benefits. FreightCar denies every remaining allegation in Paragraph 10 of the Complaint.

11.     FreightCar admits that the *Deemer* and *Britt* litigation was settled in 2005. The remainder of Paragraph 11 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 11 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

12.     FreightCar admits that *Sowers* settled in 2008. The remainder of Paragraph 12 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 12 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

13.     FreightCar admits that after almost two years of negotiations with the USW failed, FreightCar notified certain retirees and the USW that effective October 1, 2013 it was terminating retiree health benefits in accordance with the terms of the agreements reached in the *Sowers*, *Deemer*, and *Britt* settlement agreements. FreightCar denies every remaining allegation in Paragraph 13 of the Complaint.

14.     FreightCar denies the allegation in Paragraph 14 of the Complaint.

15.     FreightCar admits that plaintiffs purport to bring this action on behalf of themselves, other retirees, and spouses of retirees and that plaintiffs allege violations of the Employee Retirement Income Security Act ("ERISA"). FreightCar denies that the plaintiffs are entitled to the declaration they seek.

## JURISDICTION AND VENUE

16.     FreightCar admits the United States District Court for the Western District of Pennsylvania has jurisdiction over this lawsuit. FreightCar denies that venue is appropriate in the Johnstown Division. FreightCar denies that plaintiffs' complaint is governed by the LMRA, and further denies that it has violated any provisions of ERISA or the LMRA. FreightCar denies every remaining allegation in Paragraph 16 of the Complaint.

17.     FreightCar denies that venue is appropriate in the Johnstown Division of the Western District of Pennsylvania. The remainder of Paragraph 17 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 17 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

## PARTIES

18.     FreightCar admits the allegations in Paragraph 18 of the Complaint.

19.     FreightCar admits the allegations in Paragraph 19 of the Complaint.

20.     FreightCar admits the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint purports to state legal conclusions to which no response is required. To the extent that a response is required, FreightCar admits that it was and is an employer. FreightCar denies every remaining allegation in Paragraph 21 of the Complaint on the grounds of ambiguity and vagueness.

22.     Paragraph 22 of the Complaint purports to state legal conclusions to which no response is required. To the extent that a response is required, FreightCar admits that the Johnstown America Corporation USWA Health & Welfare Plan described the arrangement by which health and life insurance benefits were provided to retired employees, and that FreightCar sponsored that Plan. FreightCar denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint purports to state legal conclusions to which no response is required. To the extent that a response is required, FreightCar denies the allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint purports to state legal conclusions to which no response is required. To the extent that a response is required, FreightCar denies the allegations contained in Paragraph 24 of the Complaint.

25.     FreightCar admits that Mr. Zanghi was at one time an employee at the FreightCar facility located in Johnstown, Pennsylvania and was a participant in a welfare plan provided to him as an employee. FreightCar admits that Mr. Zanghi was a named plaintiff in the *Sowers* litigation. FreightCar denies that Mr. Zanghi would be an adequate representative of the putative class. FreightCar denies that Mr. Zanghi and/or his spouse are entitled to retiree health care benefits. FreightCar states that it lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies each such allegation.

26.     FreightCar admits that Mr. Sowers was at one time an employee at the FreightCar facility located in Johnstown, Pennsylvania and was a participant in a welfare plan provided to him as an employee. FreightCar admits that Mr. Sowers was a named plaintiff in the *Sowers* litigation. FreightCar denies that Mr. Sowers would be an adequate representative of the putative class. FreightCar denies that Mr. Sowers and/or his spouse are entitled to retiree health care benefits. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies each such allegation.

27.     FreightCar admits that Mr. McCuch was at one time an employee at the FreightCar facility located in Johnstown, Pennsylvania and was a participant in a welfare plan provided to him as an employee. FreightCar denies that Mr. McCuch would be an adequate representative of the putative class. FreightCar denies that Mr. McCuch and/or his spouse are entitled to retiree health care benefits. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and therefore denies each such allegation.

28.     FreightCar admits that Mr. Hohman was at one time an employee at the FreightCar facility located in Johnstown, Pennsylvania and was a participant in a welfare plan provided to him as an employee. FreightCar admits that Mr. Hohman was a plaintiff in the *Britt* litigation. FreightCar denies that Mr. Hohman would be an adequate representative of the putative class. FreightCar denies that Mr. Hohman and/or his spouse

are entitled to retiree health care benefits. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint and therefore denies each such allegation.

29.     FreightCar admits that Mr. Shetler was at one time an employee at the FreightCar facility located in Johnstown, Pennsylvania and was a participant in a welfare plan provided to him as an employee. FreightCar admits that Mr. Shetler was a named plaintiff in the *Deemer* litigation. FreightCar denies that Mr. Shetler would be an adequate representative of the putative class. FreightCar denies that Mr. Shetler and/or his spouse are entitled to retiree health care benefits. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore denies each such allegation.

30.     FreightCar admits that the USW is a labor organization. FreightCar admits that some employees at the FreightCar facility located in Johnstown, Pennsylvania were represented by the USW in collective bargaining and admits that health and life insurance benefits for employees has at times been a subject of bargaining. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint and therefore denies each such allegation.

## STATEMENT OF FACTS

31.     FreightCar admits the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint purports to quote and characterize sections of a written document which is not attached to the Complaint. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the

allegations in Paragraph 32 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced, are incomplete, or inaccurate.

33.    FreightCar admits that certain employees at the FreightCar facility located in Johnstown, Pennsylvania were represented by the USW. FreightCar denies every remaining allegation in Paragraph 33 of the Complaint.

34.    FreightCar admits that the USW represented a collective bargaining unit at the FreightCar facility located in Johnstown, Pennsylvania for a period of time. FreightCar admits that during that time, the USW negotiated certain collective bargaining agreements and employee health benefits were a subject of bargaining. FreightCar denies every remaining allegation in Paragraph 34 of the Complaint.

35.    FreightCar admits the allegations in Paragraph 35 of the Complaint.

36.    FreightCar admits that at certain times, medical and life insurance benefits available to employees who worked at the Johnstown facility were described in certain plan booklets. Further answering, FreightCar states that Paragraph 36 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 36 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

37.     To the extent Paragraph 37 of the Complaint purports to quote and characterize sections of a written document, the document speaks for itself and no response is required. FreightCar denies the remaining allegations in Paragraph 37 of the Complaint.

38.     FreightCar denies every allegation in Paragraph 38 of the Complaint.

39.     FreightCar admits that JAC purchased Bethlehem's freight car division in 1991. FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and therefore denies each such allegation.

40.     FreightCar admits that plaintiffs purport to quote from a declaration allegedly filed in another lawsuit. FreightCar denies that the referenced declaration has any evidentiary value in this lawsuit, or that the statements therein are true and complete.

41.     Paragraph 41 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 41 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

42.     FreightCar admits that under the Employee Retirement Income Security Act of 1974, health and life benefits are considered welfare benefits. Further answering, FreightCar states that Paragraph 42 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 42 of the

Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

43. Paragraph 43 of the Complaint purports to quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 43 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

44. FreightCar admits that it discharged its obligations under the 1991 CBA. FreightCar denies every remaining allegation contained in Paragraph 44 of the Complaint.

45. FreightCar denies that it made any such admission as ambiguously referenced in Paragraph 45 of the Complaint. Further answering, FreightCar states that Paragraph 45 purports to quote and characterize sections of written documents. These documents stand for themselves and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 45 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

46. FreightCar denies every allegation contained in Paragraph 46 of the Complaint.

47. FreightCar admits that it fulfilled its obligation under the Mirroring Agreement to create and provide welfare plans which mirrored Bethlehem's. FreightCar admits that it did not prepare a separate written plan immediately after the sale in 1991. FreightCar denies every remaining allegation contained in Paragraph 47 of the Complaint on the grounds

that they improperly rely on purported third-party statements by a witness in another lawsuit.

48.    FreightCar admits that it sent certain retirees letters on February 1, 2002 and March 6, 2002, announcing changes in healthcare benefits which were scheduled to occur in May 2002. FreightCar denies every remaining allegation in Paragraph 48 of the Complaint.

49.    FreightCar admits that certain retirees of the Johnstown facility filed a complaint in the *Deemer* litigation on April 26, 2002. FreightCar admits that those named plaintiffs purported to represent a putative class and alleged that their health care benefits would last throughout retirement. FreightCar denies that the allegations in that complaint were true and accurate.

50.    FreightCar admits the allegations contained in Paragraph 50 of the Complaint.

51.    FreightCar admits that Bethlehem stopped reimbursing it for certain benefits at some point after the sale in 1991. FreightCar denies every remaining allegation contained in Paragraph 51 of the Complaint.

52.    FreightCar denies the allegations in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint purports to selectively quote and characterize portions of multiple documents. The documents stand for themselves and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 53 of the Complaint to the extent that the characterizations and quotes contained therein differ from the documents referenced or are incomplete.

12

54.   FreightCar admits the allegations contained in Paragraph 54 of the Complaint.

55.   FreightCar denies the allegation in Paragraph 55 of the Complaint on the grounds that it is incomplete, ambiguous and vague.

56.   Paragraph 56 of the Complaint purports to selectively quote, characterize, and draw conclusions from sections of a written document they submitted in prior litigation. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations contained in Paragraph 56 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced, are incomplete, or inaccurate.

57.   FreightCar admits that plaintiffs made certain arguments in prior litigation. FreightCar denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.   FreightCar admits that plaintiffs made certain arguments in prior litigation. FreightCar denies the remaining allegations in Paragraph 58 of the Complaint.

59.   FreightCar denies the allegations contained in Paragraph 59 of the Complaint.

60.   Paragraph 60 of the Complaint purports to selectively quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 60 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

61.     Paragraph 61 of the Complaint purports to selectively quote and characterize sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 61 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

62.     FreightCar admits that the parties in the *Deemer* litigation engaged in certain discovery. FreightCar further admits that the parties engaged in mediation and other discussions throughout 2004. Plaintiffs deny the remaining allegations contained in Paragraph 62 of the Complaint on the grounds that they are ambiguous and vague.

63.     FreightCar admits that the *Britt* litigation was filed on August 29, 2003 and that certain named plaintiffs in the *Britt* litigation worked at some point for the Johnstown facility. FreightCar admits that *Britt* plaintiffs alleged that they were entitled to health insurance benefits as well as violations of the LMRA and ERISA. FreightCar denies that the allegations of the *Britt* and *Deemer* complaint are true and correct.

64.     FreightCar admits that a settlement  was approved on May 4, 2005 resolving the *Britt* and *Deemer* litigations. FreightCar denies every remaining allegation in Paragraph 64 of the Complaint.

65.     FreightCar denies the allegations contained in Paragraph 65 of the Complaint to the extent they fail to thoroughly set forth the terms of the *Deemer/Britt* Settlement Agreement.

14

66.     FreightCar admits that under the terms of the *Deemer/Britt* Settlement Agreement, both

parties were allowed to retain their legal positions in the event of refiled litigation.

FreightCar denies every remaining allegation in Paragraph 66 of the Complaint to the

extent they fail to thoroughly fail to set forth the terms of the *Deemer/Britt* Settlement

Agreement.

67.     Paragraph 67 of the Complaint purports to selectively quote and characterize sections of a

written document. The document stands for itself and no response is required. To the

extent that a response is required, FreightCar denies the allegations in Paragraph 67 of the

Complaint to the extent that the characterizations and quotes contained therein differ

from the document referenced or are incomplete.

68.     FreightCar admits that it closed the Johnstown manufacturing facility in 2008 and that

certain individuals filed a lawsuit. Further answering, FreightCar states that Paragraph 68

of the Complaint purports to selectively quote and characterize sections of a written

document. The document stands for itself and no response is required. To the extent that

a response is required, FreightCar denies the allegations in Paragraph 68 of the Complaint

to the extent that the characterizations and quotes contained therein differ from the

document referenced or are incomplete.

69.     FreightCar admits that this Court entered an injunction in the *Sowers* litigation, and that a

settlement was later reached in that litigation. FreightCar states that the terms of that

settlement stand for itself and denies the allegations in Paragraph 69 to the extent they

differ from the document referenced.

70.    Paragraph 70 of the Complaint purports to selectively quote, characterize, and draw conclusions from sections of a written document. The document stands for itself and no response is required. To the extent that a response is required, FreightCar denies the allegations in Paragraph 70 of the Complaint to the extent that the characterizations and quotes contained therein differ from the document referenced or are incomplete.

71.    FreightCar admits that after almost two years spent unsuccessfully trying to reach an agreement with plaintiffs over the continuation of contributions by FreightCar to fund the plaintiffs' health benefits, and having reached an agreement which plaintiffs subsequently refused to sign, FreightCar announced it would terminate contributions to health care benefits for retirees and spouses of retirees. FreightCar admits that pursuant to the settlement agreements entered into in the *Britt*, *Deemer*, and *Sowers* litigations, the named plaintiffs in those cases were entitled to refile their claims. FreightCar admits that plaintiffs purport to allege that FreightCar cannot terminate retiree health care benefits. FreightCar denies every remaining allegation contained in Paragraph 71 of the Complaint.

## CLASS ACTION ALLEGATIONS

72.    FreightCar admits that plaintiffs purport to represent a class that consists of themselves and certain retirees and spouses of retirees. FreightCar denies the named plaintiffs are adequate representatives of the putative class. FreightCar denies that plaintiffs' request for class certification satisfies the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.

73.    FreightCar denies the allegations in Paragraph 73 of the Complaint.

74.     FreightCar denies the allegations in Paragraph 74 of the Complaint.

75.     FreightCar denies the allegations in Paragraph 75 of the Complaint.

76.     FreightCar denies the allegations in Paragraph 76 of the Complaint.

77.     FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies each such allegation.

78.     FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies each such allegation.

79.     FreightCar states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies each such allegation.

80.     FreightCar denies every allegation in Paragraph 80 of the Complaint.

81.     FreightCar denies every allegation in Paragraph 81 of the Complaint.

## COUNT I
## Violation of Labor Agreements Actionable Under Section 301 of the LMRA
## (Against all Defendants)

82.     FreightCar repeats its answers to each of the allegations contained in the previous paragraphs of the Complaint as if they were stated in Paragraph 82 of the Complaint.

83.     FreightCar denies every allegation in Paragraph 83 of the Complaint.

84.   FreightCar denies every allegation contained in Paragraph 84 of the Complaint.

## COUNT II
## Violation of Employee Welfare Benefit Plan Actionable Under ERISA § 502(a)(1)(B) (Against all Defendants)

85.   FreightCar repeats its answers to each of the allegations contained in the previous paragraphs of the Complaint as if they were stated in Paragraph 85 of the Complaint.

86.   FreightCar denies every allegation contained in Paragraph 86 of the Complaint.

87.   FreightCar denies every allegation contained in Paragraph 87 of the Complaint.

## DEFENDANT'S DEFENSES

FreightCar, by its undersigned attorneys, states as follows for its Defenses to the plaintiffs' Complaint:

### FIRST DEFENSE
### Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b) (6).

### SECOND DEFENSE
### Waiver, Estoppel, and Laches

Plaintiffs' claims are barred by the doctrine of waiver, estoppel, and laches.

### THIRD DEFENSE
### No Damages

Plaintiffs' claims for damages are based solely on supposition and conjecture.

### FOURTH DEFENSE
### No Jury Trial

Plaintiffs are not entitled to a jury trial for their claims.

FreightCar expressly reserves the right to raise any additional defenses as may be established during discovery and by evidence in this case.

**WHEREFORE**, defendant FreightCar requests that this Court dismiss plaintiffs' Class Action Complaint with prejudice, award FreightCar its reasonable costs and attorneys' fees incurred herein, and grant FreightCar such other and further relief to which it may be entitled.

Dated: January 28, 2014                    Respectfully Submitted,

                                           /s/ *Sam P. Myler*
                                           James Clark Munro II
                                           Michael J. Parrish, Jr.
                                           Ronald P. Carnevali, Jr.
                                           SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC
                                           AmeriServ Financial Building, P.O. Box 280
                                           Johnstown, Pennsylvania 15907
                                           T: (814) 536-0735
                                           F: (814) 539-1423

                                           Nancy G. Ross (*pro hac vice*)
                                           Sam P. Myler (*pro hac vice*)
                                           Kirk Watkins (*pro hac vice*)
                                           MCDERMOTT WILL & EMERY LLP
                                           227 West Monroe Street
                                           Chicago, Illinois 60606
                                           T: (312) 372-2000
                                           F: (312) 984-7700

                                           **ATTORNEYS FOR DEFENDANTS FREIGHTCAR
                                           AMERICA, INC., JOHNSTOWN AMERICA, LLC,
                                           AND JOHNSTOWN AMERICA CORPORATION
                                           USWA HEALTH & WELFARE PLAN**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 28th day of January, 2014. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Sam P. Myler*

Sam P. Myler