IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY J. ZANGHI, KENNETH J.        )
SOWERS, DOMINIC MCCUCH,              )
JAMES HOHMAN, and DARRELL            )        CIVIL ACTION NO. 3:13-146
SHETLER, *on behalf of themselves and* )
*others similarly situated*; UNITED     )        JUDGE KIM R. GIBSON
STEEL, PAPER AND FORESTRY,           )
RUBBER MANUFACTURING,                )
ENERGY, ALLIED INDUSTRIAL            )
AND SERVICE WORKERS                  )
INTERNATIONAL UNION, AFL-            )
CIO/CLC,                             )
                                     )
                    Plaintiffs,      )
                                     )
        v.                           )
                                     )
FREIGHTCAR AMERICA, INC.;            )
JOHNSTOWN AMERICA                    )
CORPORATION; and JOHNSTOWN           )
AMERICA CORPORATION USWA             )
HEALTH & WELFARE PLAN,               )
                                     )
                    Defendants.      )

## ORDER

Currently before the Court is Defendants' motion for reconsideration (ECF No. 74), wherein Defendants seek reconsideration of the Court's previous order denying their request to transfer this litigation to the Pittsburgh Division of the Western District of Pennsylvania. (*See* ECF No. 73). Defendants argue that, when read as a whole, the 2005 settlement agreement evidences the parties' intent to relitigate this suit in the Pittsburgh Division. In addition, Defendants argue that transferring this matter to the Pittsburgh Division would further judicial economy

because Magistrate Judge Mitchell "is intimately familiar with the claims" in this case. (ECF No. 74 at 2).

District courts have the inherent power to reconsider an interlocutory decision, but "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e)." *A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001). To be entitled to relief under Rule 59(e), the party seeking reconsideration must establish "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; [or] (3) the need to correct a clear error of law or prevent manifest injustice." *Id.*; *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Because courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). Furthermore, "a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). In other words, it is improper on a motion for reconsideration to restyle or rehash issues previously

presented. *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001), *aff'd*, 31 F. App'x 69 (3d Cir. 2002).

In filing the instant motion for reconsideration, Defendants do not argue that there has been any intervening change in the law, nor do they introduce new evidence previously unavailable. Instead, Defendants ask the Court to reconsider its previous decision on the ground that it might lead to an unjust result; by doing so, Defendants mistake reconsideration for reargument.

The Court finds that no injustice resulted from the Court's previous order (ECF No. 73), and therefore concludes that Defendants have provided no grounds to support reconsideration of the Court's previous judgment. For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion for reconsideration (ECF No. 73) is **DENIED**, and the Court's order of January 14, 2014 remains in effect.

**IT IS SO ORDERED** this __5th__ day of February 2014.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**