IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. ZANGHI et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 3:13-146 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| FREIGHTCAR AMERICA, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CONFERENCE MEMO

Conference:     IR 16 conference and status conference
Before Judge:   Kim R. Gibson on March 25, 2014

| William T. Payne<br>Pamina G. Ewing<br>Joseph Stuligross<br>Appearing for Plaintiffs | Nancy G. Ross<br>Sam P. Myler<br>Michael J. Parrish, Jr.<br>Appearing for Defendants |
|---|---|
| 10:00 a.m.<br>Conference Began | 12:00 p.m.<br>Conference Concluded |
| MAMG<br>Law Clerk | KS<br>Court Reporter |

The Court held an IR 16 conference and a status conference to discuss the pending motions in this case and in the related case at 14-cv-17.

Counsel entered their appearances. Attorney Payne appeared telephonically; all other counsel appeared in person. The Court noted that this is a very involved case, with pending motions in 13-cv-146 at ECF Nos. 38, 68, 78, 82, 86, and 90; a pending motion to dismiss is also found in 14-cv-17 at ECF No. 123.

The Court asked counsel to provide a rendition of the procedural history and facts leading to the current dispute. Attorneys Stuligross and Ross responded.

The Court then asked counsel to discuss how they think the Court should proceed with the pending motions. The major disagreement involves the issue of additional fact discovery. Defendants seek a brief period to conduct limited discovery before they move

for summary judgment.  Plaintiffs argue that exhaustive discovery has already occurred in the underlying *Deemer*, *Britt*, and *Sowers* cases and that no additional discovery is needed.

With respect to the manner in which the Court should proceed with the pending motions, Attorney Stuligross stated that Plaintiffs would like the Court to rule on the pending motion for summary judgment (ECF No. 82).  Attorney Ross stated that 13-cv-146 and 14-cv-147 should be consolidated; the Court should then order a period between 90 and 120 days for discovery; and then the parties should be given a reasonable briefing schedule that sets forth deadlines for renewed motions for summary judgment.

The Court took the arguments under advisement and asked counsel to submit proposed scheduling orders that memorialize their respective positions on how the Court should proceed.  As well, the Court suggested that counsel should meet after the status conference to discuss the unresolved issues.  The conference concluded at 12:00 p.m.

At approximately 2:00 p.m., counsel informed the Court that they had reached an agreement on several issues.  The conference resumed, and Attorney Stuligross read into the record a stipulation of all parties.  The stipulation addressed, among other things,

(1) bifurcation of liability and damages;
(2) class certification of the retirees (as to liability only);
(3) consolidation of the cases at 13-cv-146 and 14-cv-17; and
(4) the fact that Plaintiffs would now provide Defendants with any previously discovered documents from the *Deemer*, *Britt*, and *Sowers* cases.

The parties made some additional stipulations regarding discovery, including the fact that they agree to a limited 90-day discovery period.[1]  But the parties still dispute the applicable scope of discovery.  By April 1, 2014, counsel will submit briefs that discuss their respective positions on the scope of discovery.  After counsel submit these briefs, the Court will enter an order that addresses the length and permissible scope of discovery.  In addition, the Court's order will address the specific stipulations made by the parties at the status conference.

No other issues were discussed, and the conference concluded.

---

[1] The Court emphasizes that this conference memorandum provides only a general summary of the parties' stipulations in the record.  After reviewing the transcript, the Court will set forth the precise terms of the stipulation in a forthcoming order.