# EXHIBIT 1



429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
www.fdpklaw.com
T:  412.281.8400
F:  412.281.1007

*North Hills Office*
*(412) 492-8797*
*wpayne@fdpklaw.com*

April 1, 2014

Kim R. Gibson, United States District Judge
United States District Court
Western District of Pennsylvania
208 Penn Traffic Building, Room 104
319 Washington Street
Johnstown, PA 15901

       Re:    Anthony J. Zanghi v. FreightCar America, Inc. (No. 13-146)

Dear Judge Gibson:

     In settling the Underlying Litigation, FreightCar agreed that in any future case, the parties "shall be able to make full use of depositions, documents and other materials thus far produced." Dkt. #84-22 § 16(f).  Plaintiffs herein address whether, in light of the discovery taken in the Underlying Litigation, (1) any forthcoming Rule 30(b)(6) depositions should address topics that were covered or could have been covered in eight previously taken Rule 30(b)(6) depositions; and (2) additional written discovery may be taken as to events prior to September 1, 2004.  (On September 15, 2014, Plaintiffs sought a stay of discovery in Deemer to explore settlement).

     As to Rule 30(b)(6) depositions, FreightCar's counsel stipulated on the record that "[Freightcar] will agree not to duplicate any of the prior discovery in…its 30(b)(6) topics for depositions."  Status Conf. Tr. 8:12-15, Mar. 25, 2014.  FreightCar has already deposed **eight** individuals under Rule 30(b)(6): Thomas Duzak and Emily Newport (December 5, 2003); Thomas Duzak (again), Raymond Jastrzab, Andrew Palm, Carl Frankel, and John Sabo (May 12 and 13, 2004); and John Sabo (again), Frank Barber, and Edward Mikesic (May 18, 2004).  The deposition notices attached hereto as Exhibits A-G show that FreightCar has already taken exhaustive Rule 30(b)(6) depositions of the International Union, Union Local 2635, and the Steelworkers Health & Welfare Fund on scores of topics, including:

- Negotiation, including all contacts, discussions, proposals and other communications between the Local Union, International Union, and any other entity or individual relating to the October 18, 1991 letter that was incorporated into the October 28, 1991 collective bargaining agreement as Side Letter 22, and subsequent implementation thereof;
- All contacts, discussions, proposals and other communications between the Local Union, International Union, and JAC in connection with the JAC Employee Guide, dated as of May 1993; and

April 1, 2014
Page 2

- Negotiations, including all contacts, discussions, proposals and other communications relating to medical and hospital benefits and life insurance between the Local Union and the International Union in preparation for or in connection with the collective bargaining between JAC and the Local and/or International Union, that resulted in the collective bargaining agreements effective October 29, 1994 or November 1, 1997.

Because FreightCar previously deposed union representatives on an exhaustive list of topics, the Court should limit additional Rule 30(b)(6) depositions to events occurring after December 5, 2003, the date of the first such deposition. Further, it would cause undue burden and could result in evidence of questionable validity if the unions must attempt to educate witnesses as to decades-past events. Nor has FreightCar established (in its Rule 56(d) Declaration (Dkt. #91-1) or otherwise) that its prior Rule 30(b)(6) topics failed to cover any material facts predating those depositions. This Court should rule that Rule 30(b)(6) depositions be limited to topics post-dating the original depositions. State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 254 F.R.D. 227, 235-36 (E.D. Pa. 2008) (refusing to permit additional Rule 30(b)(6) depositions because defendants showed no reason why desired topics were not probed in previous depositions); In re Katrina Canal Breaches Consolidates Litig., 2008 WL 4833023, at *1 (E.D.La. July 2, 2008) ("Examination concerning these topics was permitted in an earlier phase of discovery…plaintiffs already have had ample opportunity to obtain through deposition testimony the information sought in this second Rule 30(b)(6) deposition, and another deposition on these topics would be unreasonably cumulative or duplicative…").

As to written discovery, FreightCar likewise has not established in its Rule 56(d) Declaration or otherwise that the written discovery it previously conducted was inadequate. FreightCar was represented by highly competent counsel; FreightCar's current counsel has not suggested otherwise. FreightCar obtained at least 6240 pages of pre-2004 documents in the Deemer case alone. See Dkt. #93-1 ¶ 5. Not only has FreightCar made no showing that further discovery of pre-2004 materials is likely to enable it to dispute material facts, but it would subject Plaintiffs to undue burden if they are obliged to attempt to locate broad categories of documents and information from decades past.

FreightCar's counsel has stated a belief that not all pre-2004 bargaining notes were produced. Plaintiffs believe this is incorrect, but have agreed to produce any such notes in their possession. Plaintiffs also agree to consider any request for relevant pre-2004 documents or information that FreightCar believes were not produced in the Underlying Litigation. Plaintiffs would also agree that if the parties are unable to resolve a dispute on this point, they may submit two-page briefs to either the Court or Magistrate Judge Pesto. Plaintiffs believe that this approach is more reasonable than subjecting them to general discovery of matters from past decades when there has been no showing that the prior discovery conducted by FreightCar was in any way inadequate. The Court should rule that pre-2004 written discovery be limited as stated here.

Sincerely,

William T. Payne

William T. Payne

WTP/mb

April 1, 2014
Page 3

cc (via email):     Nancy G. Ross – nross@mwe.com
                    Sam P. Myler – smyler@mwe.com
                    Kirk Watkins – kwatkins@mwe.com
                    Michael J. Parrish, Jr. – mparrish@spencecuster.com
                    Ronald P. Carnevali, Jr. – rcarnevali@spencecuster.com
                    James Clark Munro – jmunro@spencecuster.com
                    Joseph Stuligross – jstuligross@usw.org
                    Pamina Ewing – pewing@fdpklaw.com
                    Joel R. Hurt – jhurt@fdpklaw.com
                    Bryan A. Fox – bfox@fdpklaw.com