IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| ANTHONY J. ZANGHI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FREIGHTCAR AMERICA, INC., *et al.*, <br><br> Defendants. | No.: 3:13-CV-00146 <br><br><br> Hon. Kim R. Gibson <br><br><br><br> ORAL ARGUMENT REQUESTED (FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT) |

**MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants FreightCar America, Inc., Johnstown America Corporation, and Johnstown America Corporation USWA Health and Welfare Plan (collectively, "FreightCar"), by and through its attorneys, moves this Court for leave to file a reply brief in support of its motion for summary judgment in order to dispel plaintiffs' false allegations that FreightCar has changed its position or provided contradictory testimony. In support of this motion, FreightCar respectfully states as follows:

1. This Court's Rule 16 Order required that the parties file their cross-motions for summary judgment as to liability by July 17, 2014 and their responses within 30 days thereafter. The Rule 16 Order also provides that the parties "may not submit reply briefs without seeking leave of court." (Rule 16 Order, ECF No. 100, p. 2.)

2. The parties filed their motions for summary judgment on July 17, 2014. (*See* Summ. J. Mots., ECF Nos. 116-27.)

3. Plaintiffs thereafter filed a motion for extension of time to file response briefs concurrently on August 22, 2014, which FreightCar did not oppose. (*See* Mot., ECF No. 131.)

This Court granted the motion and the parties filed their responses on August 22, 2014.  (*See* Order, ECF No. 132; Summ. J. Resps., ECF Nos. 133-39.)

4.In their response brief, plaintiffs challenged FreightCar's credibility by incorrectly asserting that FreightCar's motion for summary judgment conflicted with prior statements in this case and *Deemer*, (Pls.' Resp. Br., ECF No. 134, pp. 12-16), and should therefore be barred, among other reasons, under judicial estoppel, (*id.* at p. 25).

5.Plaintiffs purport to support their arguments with case law that has not been cited in their prior briefs.  (*See*, *e.g.*, *id.* at p. 25 (citing *Zedner v. United States*, 547 U.S. 489 (2006).)

6.Plaintiffs also introduced over 1,000 new pages of evidence into the summary judgment record which purportedly supports their arguments.  (*See* Resp. Br. App., ECF Nos. 135-1 – 135-28.)

7.FreightCar seeks leave to file a reply brief to address these new and inapposite arguments and correct a number of plaintiffs' misstatements in the record.

8.On September 5, 2014, counsel for FreightCar emailed counsel for plaintiffs to inquire whether plaintiffs would consent to this motion for leave, or alternatively, jointly agree to file a motion for leave for both parties to file respective reply briefs, if desired, concurrently on September 19, 2014.  Plaintiffs refused.

9.Under Rule 16, a court's scheduling order may be modified "for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  FreightCar has shown good cause as to why this Court should grant it leave to file a reply brief.  Plaintiffs have seriously attacked FreightCar's credibility in their response brief, rather than containing their arguments to the facts and law cited in FreightCar's motion for summary judgment.  FreightCar does not seek to

reargue any substantive points the parties raised in their cross-motions for summary judgment; rather, FreightCar only seeks to address the new credibility assertions in plaintiffs' response.

10.  As a final point, FreightCar's reply brief requests oral argument on the cross-motions for summary judgment. Under this Court's Practices and Procedures, "[o]ral argument is entertained only on factually and legally complex matters," and only then "[i]f the Court deems oral argument necessary[.]" PRACTICES AND PROCEDURES OF JUDGE KIM R. GIBSON § II.A. The summary judgment record in this case is over 3,800 pages long and addresses the meaning of collective bargaining agreements dating back to 1991. While the factual and legal issues are not so complex as to preclude the entry of summary judgment for Defendants, FreightCar believes that oral argument would assist this Court in expeditiously deciding the points raised in the cross-motions for summary judgment.

11.  For these reasons, FreightCar respectfully seeks leave to file a reply brief in support of its motion for summary judgment, pursuant to the Court's Rule 16 Order. A copy of the reply brief is attached hereto as Exhibit A.

Dated: September 8, 2014

Respectfully Submitted,

/s/ *Kirk Watkins*

| | |
|---|---|
| James Clark Munro II | Nancy G. Ross (*pro hac vice*) |
| Michael J. Parrish, Jr. | Sam P. Myler (*pro hac vice*) |
| Ronald P. Carnevali, Jr. | Kirk Watkins (*pro hac vice*) |
| SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC | MCDERMOTT WILL & EMERY LLP |
| AmeriServ Financial Building, P.O. Box 280 | 227 West Monroe Street |
| Johnstown, Pennsylvania 15907 | Chicago, Illinois 60606 |
| T: (814) 536-0735 | T: (312) 372-2000 |
| F: (814) 539-1423 | F: (312) 984-7700 |

**ATTORNEYS FOR DEFENDANTS FREIGHTCAR AMERICA, INC., JOHNSTOWN AMERICA, LLC, AND JOHNSTOWN AMERICA CORPORATION USWA HEALTH & WELFARE PLAN**

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 8th day of September, 2014. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Kirk Watkins*
Kirk Watkins

DM_US 54853475-2.082260.0018