## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## JOHNSTOWN DIVISION

| | |
|---|---|
| **ANTHONY J. ZANGHI,** *et al.*, | **No. 3:13-CV-00146** |
| **Plaintiffs,** | **Hon. Kim R. Gibson** |
| **v.** | |
| **FREIGHTCAR AMERICA, INC.,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM IN SUPPORT OF LEAVE TO AMEND</u>

Defendants, FreightCar America, Inc., Johnstown America Corporation, and Johnstown America Corporation USWA Health and Welfare Plan (collectively, "FreightCar") hereby submit this Memorandum in Support of their Motion for Leave to Amend.

## I.     <u>INTRODUCTION</u>

In the Court's March 30, 2015 ruling denying both parties' respective motions for summary judgment, the Court relied in part on what it deemed to be judicial admissions FreightCar made in prior pleadings, including in its First Amended Complaint for Declaratory Judgment ("FAC").[1]  As the Court noted, however, "judicial admissions may be superseded by amendment."[2]  (ECF No. 161 at 22 (citing *West Run Student Housing Associates, LLC v.*

---

[1] FreightCar reserves the right to dispute whether the statements relied upon by the Court qualify as judicial admissions.

[2] Some courts have found that amending judicial admissions is not a prerequisite to presenting evidence to the contrary at trial.  *See Adani Exports LTD v. AMCI (EXPORT) Corp.*, No. 02:05-cv-0304, 2009 WL 2485370, at *7 (W.D. Pa. 2009) (denying motion in limine and allowing plaintiff to present evidence inconsistent with complaint allegations); *Hartley v. Pocono Mountain Regional Police Dept.*, No. 3:CV-04-2045, 2009 WL 793034, at *5 (M.D. Pa. 2009) (finding that "the admission was not conclusive" for purposes of trial);  *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 861 (9th Cir. 1995) ("We conclude that Sicor retracted its judicial admission by subsequently recharacterizing the [admission] in its opposition to CBVT's motion for summary judgment."); *S.E.C. v. National Student Marketing Corp.*, 73 F.R.D. 444, 447 n.10 (D.D.C. 1977) ("That the SEC seeks to have the pleadings deemed amended by its pretrial brief rather than by filing a new complaint does not trouble the Court.").

*Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013).)  In light of the Court's ruling,

FreightCar requests leave to amend the FAC.  Such amendments will supersede any statements

the Court relied on in its March 30, 2015 ruling, as well as conform the pleadings to evidence

uncovered through the discovery conducted in this case after FreightCar filed the FAC.  *See, e.g.*,

*S.E.C. v. National Student Marketing Corp.*, 73 F.R.D. 444, 445 (D.D.C. 1977) (granting leave

"to conform the pleadings to [] evidence unearthed by discovery").

　　　Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted

when justice so requires.  Fed. R. Civ. P. 15(a).  Courts have long recognized the appropriateness

of amending a complaint to modify statements therein when they are later discovered to be

inaccurate.[3]  *Voltmann v. United Fruit Co.*, 147 F.2d 514, 516 (2d Cir. 1945) (affirming trial

court decision to allow a pleading admission to be withdrawn during trial); *Hartley v. Pocono*

*Mountain Regional Police Dept.*, No. 3:CV-04-2045, 2009 WL 793034, at *5 (M.D. Pa. 2009)

("Rule 15 . . . embraces a liberal policy toward allowing amendments to correct errors in the

pleadings [so as to advance] one of the basic objectives of the federal rules—the determination

of cases on their merits.") (internal quotations omitted); *Rhen v. Supreme SMA Operations, LP*,

1:10-cv-2025, 2011 WL 2174054, at *2 (M.D. Pa. 2011) (finding leave to amend at the close of

discovery warranted)  *DAGS II, LLC v. Huntington Nat. Bank, N.A.*, No. 1:13-cv-393, 2013 WL

6884242, at *4-6 (W.D. Mich. 2013) (allowing party to withdraw pleading admission after

summary judgment).  Only where there is evidence of "substantial or undue prejudice" to the

non-movant should leave to amend be denied.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d

Cir. 1993).

---

[3] *See also Currie v. U.S.*, 111 F.R.D. 56, 57- (1986) (discussing cases involving motions for leave to amend pleading admissions); *Coopersmith, Inc. v. Stefko Blvd. Shopping Center, Inc.*, 30 F.R.D. 1, 2 (E.D. Pa. 1962) (allowing plaintiff to "vitiate its prior [pleading] admission and restate its absolute denial").

Consistent with these principles, FreightCar's motion for leave to amend should be granted. FreightCar's purpose in seeking to amend, namely to correct statements deemed to be judicial admissions by this Court, has been identified as a proper basis for seeking leave to amend. *See Schomburg v. Dow Jones & Co.*, 504 Fed. Appx. 100, 104 (3d Cir. 2012) ("Disallowing amendment merely because an existing allegation constitutes a judicial admission is contrary to the liberal amendment policy embodied in Rule 15(a)(2)."). There is also "good cause" to allow FreightCar to amend the FAC, and doing so would be consistent with Rule 15(a)'s liberal pleading requirements.

## II.  BACKGROUND

On July 8, 2013, FreightCar filed a one count complaint in the United States District Court for the Northern District of Illinois in which it requested a declaration that FreightCar had the legal right to terminate retiree welfare benefits. *FreightCar America, Inc. v. USW, et al.*, 3:14-cv-00017-KRG (W.D. Pa.) ("Illinois Action").[4]  In explaining the factual background supporting its position, FreightCar relied in due part on the record in the prior litigation between the parties over the same subject, *Deemer v. Johnstown America Industries, Inc.*, 02-cv-0806 (W.D. Pa.). The following day, Plaintiffs filed a complaint in this Court asserting that FreightCar's termination of health and life insurance benefits violated the LMRA and ERISA. *Zanghi v. FreightCar America, Inc.*, 3:13-cv-00146-KRG (W.D. Pa.) ("Pennsylvania Action").

After this Court denied FreightCar's motion to transfer the Pennsylvania Action to the Northern District of Illinois for consolidation with the Illinois Action, (ECF No. 73), the Northern District of Illinois ordered that FreightCar's lawsuit be transferred to the Western District of Pennsylvania.  (Illinois Action, ECF No. 113).  On February 24, 2014, FreightCar was

---

[4] After the Illinois Action was transferred to the Western District of Pennsylvania, a new case number was assigned. Accordingly, the proceedings in the Illinois Action are available under case number 3:14-cv-00017-KRG in the Western District of Pennsylvania.

AMECURRENT 715942058.1 28-Apr-15 15:36

granted leave to amend its complaint to include a defendant class.  (Illinois Action, ECF No. 120).  FreightCar filed the FAC on March 1, 2014 (Illinois Action, ECF No. 122).

On April 3, 2014, the Court entered an initial case management scheduling order in Plaintiffs' suit.  (ECF No. 100.)  The Court's scheduling order provided that: (1) the two cases would be consolidated for all purposes; (2) the parties could take approximately ninety (90) days of fact discovery, which was to be completed by June 25, 2014; (3) the parties would both file motions for summary judgment by July 17, 2014; and (4) all other scheduling deadlines would be governed by the parties' Rule 26(f) report.[5]  (*Id*.)

On July 17, 2014, the parties filed their respective motions for summary judgment and statements of undisputed fact.  (ECF Nos. 117-126.)  Following briefing in support of their own motion, as well as in opposition to FreightCar's summary judgment motion, Plaintiffs filed a motion to strike certain denials of fact, which Plaintiffs claimed had been "admitted in multiple contexts."  (ECF No. 145 at 1.)  FreightCar filed its opposition to Plaintiffs' motion to strike on November 13, 2014 and addressed each of the purported "admissions."  (ECF No. 158.)

On March 30, 2015, the Court issued a memorandum opinion and order denying both parties' respective motions for summary judgment.  (ECF No. 161.)  While the Court denied Plaintiff's motion to strike on the grounds that it was procedurally improper, it found, notwithstanding FreightCar's support for each of the factual statements in its summary judgment papers, that FreightCar was "judicially bound by its earlier admissions in pleadings and briefs before this Court."  (*Id*. at 25.)  The Court stated that it would "give due consideration to these admissions in determining whether or not there is a genuine dispute of material fact in this

---

[5] Consistent with Plaintiffs' ongoing effort to limit FreightCar to the record in the *Deemer* litigation, Plaintiffs rigorously opposed FreightCar's request for discovery in these lawsuits.  Plaintiffs themselves declined to seek any discovery notwithstanding the interrogatories, document requests, and deposition notices FreightCar served on Plaintiffs. (ECF No. 98 (letter brief disputing need for discovery).)

4

case."[6]  (*Id*.)  Among the pleading allegations the Court construed as "judicial admissions" were a number of allegations related to the nature of the parties' agreement prior to the negotiation and execution of the 1997 CBA between FreightCar and the United Steelworkers of America ("USW").  (*Id* at 22-25.)  While FreightCar maintains that summary judgment in its favor is appropriate notwithstanding the Court's finding of judicial admissions, FreightCar seeks leave to amend the statements deemed to be admissions to reflect the evidence FreightCar obtained through discovery in this action, which FreightCar set forth in its motion for summary judgment.

## III.   ARGUMENT

### A.   Parties are Permitted to Withdraw Judicial Admissions by Amending Pleadings

The Third Circuit has instructed that parties may amend pleading allegations that would otherwise be construed as judicial admissions.  In *Schomburg v. Dow Jones & Co.*, 504 Fed. Appx. 100 (3d Cir. 2012), the Third Circuit reversed the district court's decision refusing to allow the plaintiff in a discrimination case to amend his complaint to correct a mistaken date which ultimately caused the district court to dismiss his case.  *Id.* at 102.  The plaintiff's original complaint alleged that he had received an EEOC right-to-sue letter on March 8, 2011.  *Id.*  The defendant moved to dismiss on the sole ground that the plaintiff's action was untimely because he had not filed suit within ninety days of receiving the right-to-sue letter.  *Id.*  In response, the plaintiff filed a "supplemental pleading," in which he stated that his complaint was timely because he actually received the right-to-sue letter on March 18, 2011, not March 8, 2011.  *Id.*

---

[6] The Court's ruling left some confusion as to the nature and source of FreightCar's deemed admissions.  In particular, the Court's citations were limited to the FAC and FreightCar's response to Plaintiffs' motion for a preliminary injunction, including the Duray Affidavit attached thereto.  (Pennsylvania Action, ECF No. 161 at 22-25.)  Plaintiffs, however, sought to strike FreightCar's denials based on a number of other allegedly contrary statements in pleadings, briefs, and filings from the *Deemer* litigation, FreightCar's first-filed suit, and the above-captioned case.  (ECF No. 145 at 23-29.)  Furthermore, while the Court found that FreightCar had "concede[d] that the Bethlehem plans that FreightCar agreed to mirror included the Continuation of Coverage language," it is not clear whether the Court deemed this a judicial admission, or rather, was making a factual finding based on other evidence.  (ECF No. 161 at 25.)

The district court construed his "supplemental pleading" as a motion for leave to amend his complaint, denied it as futile, and dismissed the action with prejudice. *Id.* The district court acknowledged the plaintiff's assertion in his supplemental pleading that he received the letter on the later date, but held him to his initial allegation on the ground that "a plaintiff is not permitted to take a contrary position to an allegation in a complaint in order to avoid dismissal." *Id.*

In reversing the district court, the Third Circuit noted that "many courts, including ours, have recognized that judicial admissions may be withdrawn by amendment." *Id.* at 104. The Court explained that "[d]isallowing amendment merely because an existing allegation constitutes a judicial admission is contrary to the liberal amendment policy embodied in Rule 15(a)(2)." *Id.* at 104. The Court noted that the withdrawn or amended pleading admission "at most creates an issue of fact." *Id.* at 104-05 (citing *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996).) Countless other courts have similarly held that parties may amend their pleadings to withdraw purported admissions. *See, e.g., Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977) (allowing defendant in product liability suit to amend answer in which it admitted it manufactured the allegedly dangerous product to state the exact opposite); *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) ("[W]e cannot, after finding that the admissions were inadvertent and that the amendment was not prejudicial, hearken back to the formalist days of common law pleading and reject defendants' attempts to correct their mistake."). *Voltmann*, 147 F.2d at 516. (allowing pleading admission to be withdrawn during trial). Here, less than three months prior to the deadline for filing its summary judgment motion, discovery revealed additional facts related to, *inter alia*, the pre-1997 collective bargaining sessions, the creation and purpose of Side Letter 22, and the relationship between Side Letter 22 and the JAC Guide. Because the Court relied on

certain pre-discovery allegations in the FAC, leave to amend is warranted to assure an accurate record.

**B.      FreightCar's Request to Amend its FAC Embraces Rule 15's Liberal Pleading Standard**

FreightCar has satisfied Rule 15's liberal pleading standard.  The Third Circuit has explained that Rule 15 "embodies a liberal approach to pleading," and requires that leave to amend be granted "unless equitable considerations render it otherwise unjust."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  The "touchstone" consideration is whether amendment would result in "prejudice to the non-moving party."  *Id*.  Plaintiffs cannot claim prejudice as they were present at the very events FreightCar seeks to explain through its amendment, including their attendance of their attorney in this case.

**1.      *FreightCar's Motion for Leave to Amend is Not Futile, in Bad Faith, or Dilatory***

In the absence of "substantial or undue prejudice," a party may only defeat a motion for leave to amend under Rule 15 by demonstrating "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz v. CSX Corp.*, 1 F.3d at 1413-14 (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 662 F.2d 419, 425 (3d Cir. 1981).) There is no evidence that FreightCar has acted in bad faith or with a dilatory motive.  To the contrary, FreightCar's request is consistent with this Court's recognition that judicial admissions can be superseded by later amendment.  Until the Court identified certain seemingly innocuous statements in FreightCar's complaint as playing a material role in denying FreightCar summary judgment, FreightCar did not view the statements identified as admissions material to this case.  FreightCar has not inexplicably or unduly delayed in seeking leave to amend.  *See supra* at 4-5.  Considerations related to futility are inapposite here because FreightCar is not seeking to add

new claims or defenses subject to a Federal Rule of Civil Procedure 12(b) motion.  *Brown v. Daniels*, 290 Fed. Appx. 467, 475 (3d Cir. 2008) (holding that amendment of the complaint is futile if the amended complaint cannot withstand a motion to dismiss).

### 2. *Plaintiffs Will Not Be Prejudiced by FreightCar's Proposed Amended Complaint*

Plaintiffs will not suffer prejudice by allowing FreightCar leave to amend; rather, FreightCar will suffer prejudice if leave is denied.[7]  Plaintiffs seek to hinder FreightCar's right to a fair and independent review of the complete evidence relevant to their claims.  Plaintiffs have tried hard to make this case a repeat of *Deemer*.  Plaintiffs objected to FreightCar's request for discovery in this case, and refused to take any discovery of their own, hoping instead to limit the record to the outdated pleadings and undeveloped evidence in *Deemer*.  Plaintiffs cannot credibly claim that they are unfamiliar with the negotiations over the JAC Guide and Side Letter 22.  Not only was the USW present at all of the relevant negotiations, those negotiations were also a central focus in discovery.  *See Lyons v. Beard*, 2011 WL 2460930, *8 (M.D. Pa. 2011) ("[T]he Court cannot perceive how Plaintiff will be unfairly prejudiced by the discrete amendments proposed, as it appears clearly that these amended answers will be entirely consistent with Defendants' litigation position throughout this action—a position that Plaintiff has clearly understood.").  Furthermore, none of the amendments will come as a surprise to Plaintiffs

---

[7] Courts have recognized the risk of prejudice to the movant if leave to amend is denied.  For example, in *Beeck v. Aquaslide "N" Dive Corp.*, 67 F.R.D. 411, 415 (S.D. Iowa 1975), the Court allowed the defendant to amend its answer admitting it manufactured the allegedly defective product to state the exact opposite.  The Court noted:

> [A]llowing the amendment will not sound the 'death knell' of the litigation.  It merely will allow the defendant to contest the factual issue of its manufacturing the slide.  As far as the Court can discern, this matter *is* a disputed factual issue.  To deny to the defendant the opportunity to contest it would in itself be a comparable prejudice.

*Id.* at 415.  *See also, Coopersmith Bros., Inc. v. Stefko Boulevard Shopping Center, Inc.*, 30 F.R.D. 1, 2 (E.D. Pa. 1962) ("This Court can see real prejudice to Coopersmith if the amendment is *not* allowed.  In light of the equivocal answer to the counterclaim, it seems best if all the contentions of both parties are aired at the trial; neither party being foreclosed by the action of hoary principles of pleading.") (emphasis added).

because the allegations in FreightCar's proposed amended complaint were clearly set forth in both its motion for summary judgment and its response to Plaintiffs' motion to strike. *Hartley*, 2009 WL 793034, at *5 (finding no prejudice where movant had clearly set forth its position in its summary judgment motion).

Rule 36(b) is instructive regarding the type of prejudice that may justify the denial of leave to amend to clarify or correct factual allegations.  Under Rule 36(b), even after a party has unequivocally admitted a fact in response to a request for admissions, the party may still withdraw or amend that admission.  Rule 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action ***on the merits.***

Fed. R. Civ. P. 36(b) (emphasis added).  As this rule indicates, the relevant "prejudice" inquiry relates to whether the non-movant would be limited in its ability to try the action "***on the merits.***"  Fed. R. Civ. P. 36(b) (emphasis added).  A party is not prejudiced by being deprived of the ability to try a case based on pleading inaccuracies.  *Brook Village North Assoc. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.").  A party is only prejudiced if their inability to present evidence at trial is attributable to their reliance on the admission.  *Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D.N.J. 2000) ("Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered.").  FreightCar's amendments will not prejudice Plaintiffs as they only seek to clarify that which became evident through discovery.  FreightCar's amendments do not make

9

new assertions based on facts unbeknownst to Plaintiffs.  Nor do they prevent Plaintiffs from presenting evidence on statements by FreightCar in its pre-amended pleadings.

Courts have held that prejudice may result where amendment would require the re-opening of discovery, delay resolution of the case, or unnecessarily increase the cost of litigation. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  But the proposed amendments do not interpose new claims, defenses, parties, or theories.  Furthermore, nothing in the amended complaint changes the parties' respective arguments presented in their summary judgment briefing.  Rather, the amended complaint alleges facts entirely consistent with those set forth in FreightCar's summary judgment motion and in its statement of facts.  FreightCar simply seeks to tailor the complaint to the facts learned through discovery, to cure any perceived judicial admissions, and to put FreightCar on an equal playing field with Plaintiffs in having the unconditional right to present evidence at trial on disputed issues of fact.

### C.    Good Cause Exists for Allowing Leave to Amend

There is also good cause for granting FreightCar leave to amend.  The good cause inquiry focuses primarily on the diligence of the moving party.  *Roquette Freres v. SPI Pharma, Inc.*, No. 06-540-GMS, 2009 WL 1444835, *4 (D. Del. 2009).  Here, FreightCar has promptly moved for leave to amend upon becoming aware of the significance given to certain complaint allegations by the Court in its March 30, 2014 opinion.  There are three solid reasons documenting FreightCar's diligence.

First, prior to the Court's ruling, FreightCar had no reason to believe that the statements the Court deemed decisive in the FAC would be material to this dispute, would be deemed inconsistent with the facts set forth in its motion for summary judgment, or would be construed as binding "judicial admissions."  (ECF No. 161 at 25.)  FreightCar could not have reasonably

foreseen that a statement as simple as what language Bethlehem agreed to in its own plan would lead the Court to conclude in the context of cross-motions for summary judgment that FreightCar must have also agreed to such language. Until the Court so ruled, FreightCar had no reason to amend such seemingly benign statements in the FAC. FreightCar has now diligently requested leave to amend to clarify these statements. *See, e.g., Hartley*, 2009 WL 793034, at *5 ("[T]he focus is upon whether the movant has acted reasonably promptly as soon as the necessity for altering the pleading becomes apparent[.]").

Second, FreightCar reasonably focused on evidence learned through discovery in its summary judgment motion rather than statements made in pre-discovery pleadings. It is well-accepted that pleadings are not definitive and forever binding documents. Instead, they are a "short and plain statement" of a claim formed "after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Plaintiffs themselves viewed FreightCar's FAC as "completely redundant" and "serv[ing] no legal purpose," notwithstanding their later contention that they constituted judicial admissions. (ECF No. 115 at 2.)

Third, as FreightCar explained in response to Plaintiffs' motion to strike, the *Deemer* pleadings Plaintiffs rely on were filed ***before*** engaging in discovery in *Deemer*. (ECF No. 158 at 5). Additionally, FreightCar was represented by different counsel in *Deemer*. (*Id*. at 7.) After discovery in this case, FreightCar uncovered information not apparent from the *Deemer* record. FreightCar is entitled to amend the complaint to conform the pleadings to this evidence. *Lyons v. Beard*, 3:07-cv-444, 2011 WL 2460930, *8 (M.D. Pa. 2011) ("The Court is satisfied that replacement counsel for Defendants proceeded appropriately, and promptly, by seeking leave to amend after discovery that four responses in the initial answer were inaccurate.").

11

IV.     **CONCLUSION**

       For the reasons set forth above, FreightCar requests leave to amend its First Amended

Complaint in this case.

Dated:  April 28, 2015                Respectfully submitted,

                                  /s/ *Samuel P. Myler*
                                  Nancy G. Ross (*pro hac vice*)
                                  Samuel P. Myler (*pro hac vice*)
                                  MAYER BROWN LLP
                                  71 S. Wacker Dr.
                                  Chicago, IL 60606
                                  T: (312) 782-0600
                                  F: (312) 701-7711

                                  James Clark Munro II
                                  Michael J. Parrish, Jr.
                                  Ronald P. Carnevali, Jr.
                                  SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC
                                  AmeriServ Financial Building, P.O. Box 280
                                  Johnstown, Pennsylvania 15907
                                  T: (814) 536-0735
                                  F: (814) 539-1423
                                  ***Attorneys for Defendants***

AMECURRENT 715942058.1 28-Apr-15 15:36

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to electronic service have been served with a copy of the foregoing document via the Court's CM/ECF system this 28th day of April, 2015.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

<i>/s/ Samuel P. Myler</i>

Samuel P. Myler